UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTINA WAGONER | CIVIL ACTION NO. 09-0363 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| WOODMEN OF THE WORLD | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Plaintiff sues for benefits under a life insurance contract purchased by her deceased husband. The defendant, Woodmen of the World (WOW), is not an insurance company but is a fraternal benefit society which Louisiana law governs differently that insurance companies. WOW has filed the instant motion to compel arbitration or motion to dismiss, **doc. #6**, contending that, under the contract, plaintiff must first attempt informal resolution, mediation and, if necessary, arbitration to resolve the claim. Plaintiff opposes the motion to compel on several grounds. The issue is before me on referral by the District Judge.

Since the filing of the motion and plaintiff's opposition to it, the Fifth Circuit has rendered a decision in Woodmen of the World Insurance Society v. JRY, 2009 WL 742566 (5th Cir 2009) which forecloses most of plaintiff's arguments and will be discussed below.

In order to buy the "insurance", plaintiff's decedent, Baron Wagoner was required to become and did become a member of the Woodmen of the World society. The society issued a certificate to

him which included its "articles of incorporation" and "constitution and laws" as a part of the policy. Wagoner named his wife, plaintiff herein, as sole beneficiary. Following his death, plaintiff sued the society.

WOW points to the society's claim resolution procedures as mandating arbitration and seeks dismissal of the suit pursuant to FRCP 12(b), citing <u>Am. Bankers Ins. Co. of Florida v. Inman</u>, 436 F.3d 490 (5th Cir. 2006). WOW also suggests that federal and Louisiana public policy favor arbitration agreements.

Plaintiff first argues that the WOW society is not a fraternal benefit society. LSA-R.S. 22:281 defines a fraternal benefit society. The WOW Articles of Incorporation show that it meets that definition. In addition, the Fifth Circuit has recently recognized WOW's status as a fraternal benefit society in <u>Woodmen of the World Insurance Society v. JRY</u>, supra.

I find that WOW is a fraternal benefit society.

Next, plaintiff argues that plaintiff is not a member of WOW and is thus not bound by the policy provisions of the life insurance contract. She also argues that her husband never received a copy of the contract. However, plaintiff seeks benefits under the contract that her late husband negotiated for and purchased, including all of its terms and conditions. He is presumed to have known the contents of the policy he purchased regardless whether he later received a copy or not. (It is not clear whether plaintiff

2

has personal knowledge or not as to whether he received a copy.) One of the terms provided in the contract is that beneficiaries as well as members are bound by the contract's claims procedures including arbitration.

As part of this argument, plaintiff suggests that to apply the terms of the contract to her when she was not a party to the agreement violates due process and equal protection and is "unconscionable". However, plaintiff does not explain how or why she believes those Constitutional provisions are implicated and she cites no jurisprudence in support of her suggestion. The court observes that Louisiana law recognizes arbitration so thus does not consider it to be an unconscionable exercise of power. Nevertheless, the court observes that applying the terms of the contract to her is no different than in any case of life insurance or, for that matter, even liability insurance. In those cases, where the named insured purchases a life insurance policy on his own life and names a beneficiary, the beneficiary may not even be aware that a policy exists or that she is a beneficiary, much less what its terms are. She is nonetheless bound by the policy provisions contracted for by the purchaser/insured.

Next, plaintiff argues that the provisions of Louisiana law allowing arbitration are "reverse preempted" under the McCarran-Ferguson Act.

Fraternal benefit societies are exempted from most insurance

3

laws in Louisiana under LSA-R.S. 22:317 (definition), 22:303 (exemption). This means that, unlike insurance companies, a fraternal benefit society is not prohibited from invoking an arbitration clause. See LSA-R.S. 22:303, 22:868 (anti-arbitration provision). The McCarran-Ferguson Act 15 U.S.C. §1011 *et seq*, provides, essentially, that no federal law may be construed to interfere with state insurance regulatory laws unless the federal law specifically is directed at insurance laws. Louisiana law, LSA-R.S. 22:868 provides that an insurance contract may not deprive the courts of jurisdiction, i.e., may not contain an arbitration clause. Therefore, plaintiffs reason, the state law reverse preempts the Federal Arbitration Act rendering the arbitration clause unenforceable.

We need not dwell on this argument because the argument was, in effect, foreclosed by the Fifth Circuit in JRY, supra. The arbitration clause is not reverse preempted.

Finally, in order to determine whether the arbitration clause is otherwise enforceable, we must follow the analysis outlined by the Fifth Circuit as summarized in JRY. First, the court must determine whether the parties agreed to arbitrate the dispute in question. As discussed above, Mr. Wagoner agreed to the arbitration clause when he purchased the policy. There is a valid agreement between the purchaser of the policy and the WOW. Further, because the policy contains a broad arbitration clause which specifically

"includes disputes regarding the denial of benefit claims under any certificate . . .", this dispute falls within the scope of the arbitration agreement. Next, a court must determine if there are legal constraints that would preclude enforcement of the agreement. Again, as discussed above, there are none.

Therefore, I find, applying the Fifth Circuit's recent JRY case, that the WOW is a fraternal benefit society, that the society's arbitration clause is valid and enforceable and is not reverse preempted and applies to this dispute between plaintiff and WOW and that the case should be dismissed.

IT IS RECOMMENDED that the motion to compel and dismiss be GRANTED, and that the case be dismissed.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

**TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 4th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE